CORN PRODUCTS REFINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22074. Promulgated May 28, 1953.

*Jay O. Kramer, Esq., Samuel A. McCain, Esq.,* for the petitioner. *Walt Mandry, Esq.,* for the respondent.

SUPPLEMENTAL OPINION.

OPPER, *Judge*: This proceeding was originally decided by Memorandum Opinion entered June 30, 1952. Upon the recomputation under Rule 50, it became evident that an issue not previously perceived by either party remained to be disposed of. Leave was granted to reopen the proceeding for the disposition of that question.

The issue is a narrow and technical problem as to the correct computation to be employed for excess profits tax purposes under section 711 (b) (1) (J). In our prior opinion we held that petitioner's losses from dealings in corn futures, being comparable to hedging, were a separate class of deduction and were accordingly entitled to be disregarded where they exceeded 125 per cent of the losses for the four previous years under subdivision (ii). It develops that the losses from hedging transactions were to some extent offset by gains from similar transactions and it is the proper employment of such figures in the recomputation as to which the parties are now in disagreement.

In 2 of the 4 years prior to 1939, the only base period year which was in issue, there were in fact excesses of gains over losses. Respondent contends that only the other 2 years, where the net result of the hedging operations was a loss, should be given effect. Petitioner's approach is in the alternative, either that only the losses should be considered without regard to offsetting gains in any year, or that all 4 years should be included with the net gain years included as well as those showing a net loss. The submitted figures follow:

| | Respondent's computation using only (net losses) | Petitioner's computation No. 1, using (net losses) and net gains | Petitioner's computation No. 2, using only (gross losses) |
|---|---|---|---|
| Base period year (1939) | ($424, 437. 54) | ($424, 437. 54) | ($691, 853. 14) |
| 4 previous taxable years: | | | |
| 1935 | 0 | 56, 768. 75 | (66, 682. 50) |
| 1936 | (165, 532. 27) | (165, 532. 27) | (248, 063. 52) |
| 1937 | 0 | 590, 339. 35 | (2, 050. 00) |
| 1938 | (815, 462. 57) | (815. 462. 57) | (864, 606. 32) |

|  | Respondent's computation using only (net losses) | Petitioner's computation No. 1, using (net losses) and net gains | Petitioner's computation No. 2, using only (gross losses) |
|---|---|---|---|
| Total of four years | ($980, 994. 84) | ($333, 886. 74) | ($1, 181, 402. 34) |
| Annual average | (245, 248. 71) | (83, 471. 69) | (295, 350. 59) |
| 125% of average | (306, 560. 89) | (104, 339. 61) | (369, 188. 24) |
| Excess of 1939 over 125% of average of 4 previous years | ($117, 876. 65) | [1] ($320, 097. 93) | ($322, 664. 90) |

While the parties agree that the question is novel, we think the principle adopted by respondent is correct. Starting with the base period year deduction it seems to us inescapable that $424,437.54 representing as it does the net loss rather than the larger figure of the gross loss without accounting for offsetting gains is necessarily the correct one. This proceeds in part from the provisions of section 711(b)(1)(K), the purpose of which is to insure that abnormal deductions shall not be disallowed if they are connected with offsetting items of gross income. See *Frank H. Fleer Corporation*, 10 T. C. 191. In fact, we held here in the prior opinion that because no offsetting items of income were apparently involved, the provisions of subdivision (K) did not preclude treatment of the deduction as an abnormality. It seems to us inconsistent now to suggest that anything but the net figure of the excess of losses over gains can be considered as the correct method of dealing with the loss deduction, bearing in mind the intimate interconnection between subdivisions (J) and (K). *Frank H. Fleer Corporation, supra,* 200.

Turning then to the provisions of 711(b)(1)(J)(ii) itself,[2] it seems evident that the deductions for the four prior years, being referred to as a "class," are to be treated as coordinate with that for the base period year in question. It follows that these deductions also must be confined to net losses, consisting of the excess of losses over gains.

Under the same provisions it would be anomalous to deal with the results of any of the prior years as "deductions" whereas in this case the net result in several years is not a deduction but a net gain which is in essence an item adding to petitioner's gross income. As to those years it necessarily follows that the loss is nonexistent and must accordingly be represented by zero as respondent has done.

We conclude that only the net loss years may be considered as giving rise to "deductions" but since the statute requires an average of the "four previous years," the years in which no net losses occurred must be included in computing the average.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[1] Because of the limitation imposed by section 711 (b) (1) (K) (iii), the claimed adjustment for computation of the 1942 excess profits credit was reduced to $314,468.16.

[2] (ii) If the class of deductions was normal for the taxpayer, but the deductions of such class were in excess of 125 per centum of the average amount of deductions of such class for the four previous taxable years, they shall be disallowed in an amount equal to such excess.